**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

     *Plaintiff-Respondent*,

v.                                     Case No. 12-CR-10187-02-EFM

DIANNE PANTOJA-CORRAL,

     *Defendant-Petitioner.*

## MEMORANDUM AND ORDER

Before the Court is pro se Defendant-Petitioner Dianne Pantoja-Corral's Motion to Expunge her Criminal Record (Doc. 108). Specifically, Pantoja-Corral seeks to expunge her 2013 conviction by guilty plea for making a false statement to a government agency in violation of 18 U.S.C. § 1001(a)(2). The Government opposes Pantoja-Corral's Motion. For the reasons stated below, the Court is unable to expunge Pantoja-Corral's record and denies her Motion.

### I.       Factual and Procedural Background

On July 20, 2012, Pantoja-Corral was a passenger in a vehicle stopped by a Kansas Highway Patrol ("KHP") Trooper on I-70 in Ellis County, Kansas. The driver consented to a search of the vehicle, and the Trooper discovered a false compartment containing approximately 19 pounds of methamphetamine. Pantoja-Corral was arrested alongside the vehicle's occupants.

After being arrested, KHP Trooper and Drug Enforcement Administration Agent Doug Rule interviewed Pantoja-Corral. When asked if she knew about the methamphetamine, Pantoja-Corral stated she was unaware of it and that the driver had simply invited her to travel from Kansas City to Las Vegas with him. Trooper Rule recognized Pantoja-Corral as a passenger from a

previous vehicle stop involving the same driver and asked her if she had been stopped by KHP before. Pantoja-Corral denied she was involved in an earlier stop and denied that she had traveled to any other locations with the driver before. Trooper Rule then examined Pantoja-Corral's and the driver's phones and discovered pictures of the two of them in Los Angeles. After Trooper Rule confronted her with his knowledge of the previous stop, Pantoja-Corral admitted she had previously traveled with the driver to Los Angeles and that KHP had previously stopped them, stating she had forgotten about it.

A grand jury returned an indictment against Pantoja-Corral on two drug counts and a third count of making a false statement to a government agency on August 14, 2012. Pantoja-Corral pled guilty to the false statement charge on November 27, 2012, and the Government dropped the two drug charges. As part of her plea, Pantoja-Corral agreed that the false statement she made regarding travel to Los Angeles was material because it impeded the drug investigation.

The Court held a sentencing hearing and sentenced Pantoja-Corral to time served. At the close of the hearing, the Court also made the following statement:

> The Court has one other statement it wishes to make on the record, and I would like these statements to be delivered to Immigration and Customs Enforcement. The defendant has pled guilty to a crime for which she was charged, but in this Court's opinion that crime should never have been charged against the defendant. I consider this—and I speak from experience—as having been an abuse of prosecutorial discretion to have brought this particular charge against the defendant on the facts which were presented to the court.

> I would like this Court's opinion to be delivered to the immigration officials, that I do not think this charge should have been brought, I do not consider this client—or this defendant one who should have been subjected to deportation. I'm following the law, as I'm required to do, and the decision to prosecute in this case is a decision vested with the United States Attorney's Office. I recognize that and I follow that. In my opinion, it was a bad decision and I would like these comments delivered to the immigration officials.

Relying on the Court's statement, Pantoja-Corral now moves for expungement of her conviction. She reports in the 13 years since her conviction she has operated a successful consulting business and has not been arrested, charged, or convicted of any other offense. She also reports her conviction threatens to prevent her from obtaining a notary certification and creates other barriers. The Government opposes Pantoja-Corral's request.

## II.    Legal Standards

Although district courts generally lack statutory authority to expunge criminal records, the Tenth Circuit recognizes courts possess inherent equitable authority to order expungement in select circumstances.[1] This inherent power is "committed to the discretion of the trial court, but it is not a remedy to be granted frequently."[2] "Nevertheless, the power is a narrow one, reserved for extreme cases."[3] This particularly true when a petitioner seeks to expunge a criminal conviction as opposed to an arrest record.[4]

The Tenth Circuit has articulated a four-step test to determine whether expungement of a criminal conviction is proper.[5] At step one, a petitioner must allege that the conviction "is legally infirm or was secured through improper government conduct."[6] Upon doing so, at step two, a petitioner must also "establish that his or her averments are grounded in fact through some sort of

---

[1] *See United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993).

[2] *United States v. Friesen*, 853 F.2d 816, 817–18 (10th Cir. 1988).

[3] *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir. 1977) (citing *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)).

[4] *See Pinto*, 1 F.3d at 1070 ("[T]here is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law.").

[5] *See United States v. Trzaska*, 781 F. App'x 697, 701–03 (10th Cir. 2019); *see also Shook v. United States*, 2021 WL 4847384, at *21 (D.N.M. Oct. 18, 2021).

[6] *Trzaska*, 781 F. App'x at 700–01.

evidentiary showing."[7] If a petitioner makes these successful showings, the court steps in at step three to balance "the interests of the State in maintaining records of law enforcement against the individual's rights."[8] If the balancing test weighs in the petitioner's favor, the court turns to step four and evaluates whether there are "unusually compelling circumstances" warranting expungement.[9] All four steps must weigh in the petitioner's favor to grant expungement.[10]

Because Pantoja-Corral proceeds pro se, the Court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers."[11] A pro se litigant is entitled to a liberal construction of her pleadings.[12] But it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13]

### III.    Analysis

Pantoja-Corral is unable to establish that she is entitled to expungement under the Tenth Circuit's four-step test to expunge a criminal record. Pantoja-Corral addresses her burden at step one by alleging her conviction is a result of government misconduct. To support her claim at step two, she cites the Court's statement at the sentencing hearing opining the Government engaged in "an abuse of prosecutorial discretion" by charging her with making a false statement. She also argues the Government's dismissal of the two drug charges further demonstrates the Government's

---

[7] *Id.* at 701.

[8] *Id.* at 702 (citing *Bromley*, 561 F.2d at 1364; *Linn*, 513 F.2d at 927).

[9] *Id.* at 703 (citing *Friesen*, 853 F.2d at 818).

[10] *See United States v. Henley*, 2022 WL 16854277, at *2 (D. Kan. Nov. 10, 2022) ("Courts routinely deny motions seeking an expungement when a defendant fails to make a sufficient showing for all four factors.") (collecting cases).

[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1942).

[12] *See Trackwell v. U.S. Gov't*, 474 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

impropriety. But neither the Court's statement nor the Government's dismissals are facts demonstrating that Pantoja-Corral's conviction is a result of government misconduct.

Article II of the U.S. Constitution vests the President with the duty to "take Care that the Laws be faithfully executed."[14] To do so, the President exercises the power to enforce the Nation's criminal laws through the Attorney General and United States Attorneys Office.[15] Thus, "[t]he Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws."[16] A prosecutor's discretion is "subject to constitutional constraints."[17] "But in the ordinary case, so long as the prosecutor has probable cause, 'the decision on whether or not to prosecute . . . generally rests entirely in his discretion.'"[18] A prosecutor is afforded a similar level of discretion to drop charges in exchange for plea agreements.[19]

Here, the Court stands by its opinion that the Government abused its discretion in charging Pantoja-Corral the way it did. But as the Court recognized at her sentencing hearing, "the decision to prosecute in this case is a decision vested with the United States Attorney's Office," not the Court. Thus, the Court's opinion is not a fact Pantoja-Corral can rely on to demonstrate her conviction is a result of government misconduct. While the Court was unhappy that these charges had been filed, it was clear that Pantoja-Corral did in fact commit the crime of making a false

---

[14] U.S. CONST. Art. II § 3.

[15] 28 U.S.C. §§ 516, 547.

[16] *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quotation marks and citation omitted).

[17] *Id.* (citing *United States v. Batchelder*, 442 U.S. 114, 125 (1979)).

[18] *United States v. Zamora*, 136 F.4th 1278, 1282 n.3 (citing *Batchelder*, 442 U.S. at 125).

[19] *See United States v. Vanderwerff*, 788 F.3d 1266, 1271–72 ("[I]n charge bargains, 'a court's sentencing discretion is implicated . . . in precisely the same manner it is implicated by prosecutorial decisions to bring charges in the first place, where prosecutorial discretion is nearly absolute.' 'Thus, while district courts may reject charge bargains in the sound exercise of judicial discretion, concerns relating to the doctrine of separation of powers counsel hesitancy before second-guessing prosecutorial choices.'") (quoting *United States v. Robertson*, 45 F.3d 1423, 1438 (10th Cir. 1995)).

statement.  The fact that the Court did not think that crime should have been charged does not change the fact that the crime was committed, and the United States Attorney's Office elected to indict that charge, as was its Constitutional prerogative.

Similarly, the Government's dismissal of the drug charges was within its discretion and does not demonstrate government misconduct. Pantoja-Corral does not argue the Government lacked probable cause to charge her with making a false statement, nor does she allege any constitutional constraint the Government violated in doing so. Thus, Pantoja-Corral's request for expungement fails at step two.

The Court commends Pantoja-Corral for her success in the 13 years since her conviction. But her case does not overcome the heavy presumption against expungement or otherwise present "unusually compelling circumstances" as articulated above. Accordingly, the Court is unable to expunge Pantoja-Corral's record.

**IT IS THEREFORE ORDERED** that Pantoja-Corral's Motion to Expunge Criminal Record (Doc. 108) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 15th day of April, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-6-